In the
United States Court of Appeals
For the Seventh Circuit

Nos. 01-3148 & 01-3493

Robert Snipes,

Plaintiff-Appellant/
Cross-Appellee,

v.

Illinois Department of Corrections,
Defendant-Appellee/

Cross-Appellant.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 C 137--Samuel P. King,/1 Judge.

Argued April 19, 2002--Decided May 23, 2002


   Before Bauer, Posner and Easterbrook,
Circuit Judges.

   Bauer, Circuit Judge.  Robert Snipes
initiated this suit, claiming
discriminatory retaliation by the
Illinois Department of Corrections in
violation of Title VII of the Civil
Rights Act, 42 U.S.C. sec. 2000e-3(a),
for his complaints of racial
discrimination while working as a
correctional officer at the Department.
The district court entered judgment in
favor of the Department, finding that
Snipes failed to prove that he was
terminated in retaliation for his
discrimination complaints. Snipes then
filed this appeal, arguing that the
district court erred in excluding and
failing to consider evidence regarding
the disparate treatment of other
correctional officers under the
Department's attendance policy. The
Department cross-appealed, asserting that
the district court abused its discretion
in denying a bill of costs for $1785.00
submitted by the Department.

Background

   Snipes was employed as a correctional
officer at the Department from August
1988 to September 1991, when he was
discharged for violating the Department's

attendance policy eleven times (more than the threshold number for discharge under the policy). Within one hundred and eighty (180) days of his termination, Snipes filed a Charge of Discrimination with the Illinois Department of Human Rights. A "right to sue" letter was subsequently issued to Snipes by the Equal Employment Opportunity Commission.

In January of 1996, Snipes filed a pro se complaint against the Department. After receiving permission to proceed in forma pauperis, Snipes filed an amended complaint through court appointed counsel, claiming that he was discharged by the Department in retaliation for complaining about instances of race discrimination at the Department. The case proceeded to a bench trial, where the only issue ultimately before the court was whether the Department used its attendance policy as a pretext for terminating Snipes in retaliation for his complaints of racial discrimination.

In an effort to prove his retaliation claim, Snipes sought to introduce the disciplinary records of other correctional officers. The Department moved to exclude such evidence regarding the discipline given to and received by other correctional officers for violations of the Department's attendance policy. The Department argued that disparate disciplinary treatment of correctional officers by different supervisors in different time periods is irrelevant because disparate treatment is not an element of a retaliation claim. The court found that the lack of commonality in supervisors among those correctional officers disciplined for attendance violations rendered them incomparable and therefore irrelevant to Snipes' case.

At the conclusion of the trial, the court found that the evidence presented failed to establish a causal link between Snipes' statutorily protected expression (i.e., his complaints of racial discrimination) and the adverse employment action he suffered (i.e., his termination). Judgment was entered in favor of the Department.

Following the trial, the Department filed a timely motion for an award of costs. The bill of costs submitted by the

Department sought $1785.00 for deposition and trial transcripts as well as for copying fees. In response, Snipes submitted a declaration detailing his financial status. After reviewing this information, the court determined that Snipes was indigent, and was presently and prospectively unable to pay the costs.

Discussion

A)  Exclusion of Evidence

   We review the district court's decision to exclude evidence under an abuse of discretion standard. United States v. Wilson, 159 F.3d 280, 290 (7th Cir. 1998). Our inquiry is not whether we would have ruled the same way, but rather whether any reasonable person would agree with the trial court. United States v. Johnson, 127 F.3d 625, 630 (7th Cir. 1997).

   Where a plaintiff claims that he was disciplined by his employer more harshly than a similarly situated employee based on some prohibited reason, a plaintiff must show that he is similarly situated with respect to performance, qualifications and conduct. Radue v. Kimberly Clark Corp., 219 F.3d 612, 617 (7th Cir. 2000) (citations omitted). Such a showing normally entails establishing that "the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." Id. at 617-18 (citations omitted). Requiring that the plaintiff establish these similarities is simply common sense, as "[d]ifferent employment decisions, concerning different employees, made by different supervisors . . . sufficiently account for any disparity in treatment, thereby preventing an inference of discrimination." Id. at 618 (citations omitted).

   The district court did not abuse its discretion in finding that Snipes failed to meet this minimum evidentiary threshold. Snipes argues that despite the lack of commonality in supervisors among the correctional officers disciplined for attendance violations, he and those

correctional officers are nonetheless similarly situated because they held the same job positions, were subjected to the same evaluation process, worked for the Department during the same time frame, were subjected to the same attendance policy, and were exposed to the same multi-layer, centralized disciplinary process for those violations. We are not persuaded.

While Snipes and the other correctional officers were technically subject to the same written attendance policy and formal disciplinary process, the record also shows that the difference in supervisors under whom Snipes and the other correctional officers worked resulted in disparate application of and adherence to such policy and process. Given the inconsistent administration of relevant policy and process under different supervisors, the district court's conclusion that the lack of commonality in supervisors among the correctional officers disciplined for attendance violations precluded an inference of discrimination is not unreasonable. See, e.g., Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002) (finding that plaintiff was not comparable to another employee in all material respects where plaintiff and other employee were evaluated by different supervisors); Radue, 219 F.3d at 618 (finding that lack of common supervisor precluded showing of similarity because when "different decision-makers are involved, two decisions are rarely similarly situated in all respects") (citations omitted). Because the district court acted within its discretion in determining that Snipes and other correctional officers disciplined for attendance violations were not similarly situated, evidence regarding the disciplinary records of those officers was properly excluded.

B)  Bill of Costs

With respect to the issue of costs, the Department failed to comply with Circuit Rule 30, which requires that a cross-appellant include in its brief any "judgment or order under review and any opinion, memorandum of decision, findings of fact and conclusions of law, or oral statement of reasons delivered by the trial court or administrative agency upon

the rendering of that judgment, decree, or order" not included by the appellant. 7th Cir. R. 30. The purpose of Rule 30 is to ensure that this Court has all documents necessary to a fair and complete consideration of the arguments presented. Hill v. Porter Memorial Hosp., 90 F.3d 220, 225-26 (7th Cir. 1996). It is well established that where an appellant or cross-appellant thwarts this purpose by failing to comply with Rule 30, this Court may dismiss the appeal or summarily affirm the judgment. Id. (citations omitted). Because the Department failed to include in its appendix the subject order denying its motion for costs, summary affirmance is proper.

Conclusion

The decision of the district court is AFFIRMED in all respects.

FOOTNOTES

/1 Judge King is a Senior District Judge for the United States District Court of Hawaii, sitting in the Northern District of Illinois by designation.