In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4048

KIM PATTERSON,

Plaintiff-Appellant,

v.

AVERY DENNISON CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 98-C-513--Rudy Lozano, Judge.

Argued SEPTEMBER 17, 2001--Decided February 26, 2002

Before COFFEY, EASTERBROOK and WILLIAMS,
Circuit Judges.

COFFEY, Circuit Judge. Kim Patterson brought this suit against her former employer, Avery Dennison Corporation, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964. The district court granted Avery's motion for summary judgment, and Patterson appeals. We affirm.

I. FACTUAL BACKGROUND

Defendant-Appellee Avery Dennison Corporation ("Avery") is a diversified manufacturing company with headquarters in Pasadena, Cal., and facilities in more than 200 locations around the world. Plaintiff-Appellant Kim Patterson ("Patterson") was formerly employed at one of Avery's offices in Schererville, Ind., where she was hired as a general accounting manager of the decorative films division in 1985. Two years later, Patterson was promoted to the position of manager of financial planning analysis, and she continued in this capacity until 1995. At that time, as part of a reorganization of the Schererville plant, Patterson was transferred into a temporary "logistics task force." The objective of the task force was to facilitate the merger of Avery's two

logistics divisions into a single, more efficient department. Charles Fridley, the general manager of the facility, outlined two primary job responsibilities for Patterson in her new position. Specifically, she was expected to: (1) design a new computer system to regulate logistics at the company; and (2) issue a recommendation concerning how the logistics department could best be restructured for the future.

Patterson successfully designed and implemented the new computer protocol. When the work of the logistics task force was completed, Patterson recommended that Avery restructure the logistics department and create a new managerial position to oversee the department. Fridley met with company executives to determine who they wished to hire to fill this newly-created position. Patterson was considered for the job but ultimately she was advised that the position required a person with more experience and training in logistics. Patterson was also advised that the company had no other job openings commensurate with her experience and training, and thus she was terminated on January 10, 1997.

One week after her discharge, Patterson filed a complaint with the EEOC, alleging that she was the victim of gender discrimination and disability discrimination./1 Patterson received a right-to-sue letter in June 1998, and she filed her complaint three months thereafter, alleging that her termination amounted to discrimination on the basis of gender in violation of Title VII, 42 U.S.C. sec. 2000e et seq.

During discovery, Patterson asked Avery to produce several witnesses for deposition, among them the company's corporate vice president and controller, Thomas Miller, who worked at the company's headquarters in Pasadena, Cal. Avery objected to the deposition of Miller, stating that "the information [sought from Miller] is obtainable from sources more convenient, less burdensome and less expensive." Patterson thereafter filed a motion to compel Miller's deposition, arguing that she wished to inquire into Miller's rationale for sending a certain e-mail message to Derek Jones, Avery's director of human resources. In the message, Miller stated that "I have

had a few people coming to me about Kim's plight" and further asked Jones to "take a second look at what is going on here." Avery opposed the motion to compel, arguing that Miller neither participated in nor had first-hand knowledge of the circumstances surrounding Patterson's termination. Avery noted that Miller's only involvement with personnel activities at the Indiana facility was to write the e-mail asking Jones "to look into the matter." Avery went on to state that some of its mid-level supervisors, including Jones, were available to be deposed on any topic related to Patterson's adverse employment action. After reviewing these materials, the district court entered an order denying Patterson's motion to compel Miller's appearance for deposition.

Following the close of the discovery process, Avery moved for summary judgment. The district court granted Avery's motion, finding that Patterson failed to present a prima facie case of gender discrimination because she had failed to establish that she was treated less favorably than any similarly-situated male employee.

## II.  ISSUES PRESENTED AND STANDARD OF REVIEW

We address two issues raised by Patterson on appeal: (1) whether the trial court erred by concluding that Patterson failed to present a prima facie case of gender discrimination; and (2) whether the trial court erred when it denied Patterson's motion to compel the deposition of Thomas Miller. We review the court's grant of summary judgment de novo, asking whether the facts viewed in the light most favorable to the plaintiff demonstrate a genuine issue of material fact for trial. Greer v. Board of Educ., 267 F.3d 723, 726 (7th Cir. 2001). We review the court's handling of discovery matters under the abuse of discretion standard and will reverse only upon a clear showing of an abuse of discretion. Jurcev v. Central Comm'y Hosp., 7 F.3d 618, 627 (7th Cir. 1993). Further, we shall not disturb a trial judge's exercise of discretion "unless it is established that the denial of the requested discovery would result in actual and substantial prejudice to the complaining litigant." Id.

III. DISCUSSION

A. Gender Discrimination

Patterson argues that she has presented sufficient circumstantial evidence of gender discrimination to proceed to trial. Under the burden-shifting test established by Texas Dep't of Comm'y Affairs v. Burdine, 450 U.S. 248 (1981), and McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), for use in situations involving circumstantial evidence, Patterson must first raise an inference of discrimination by demonstrating that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly-situated male employees. Logan v. Caterpillar, Inc., 246 F.3d 912, 919 (7th Cir. 2001). Patterson contends that two male employees, Steve Meyer and Dan Hillegonds, were similarly situated and were not discharged upon the termination of the logistics task force. The district court found that these men were not similarly situated to Patterson, and we agree.

To meet her burden of demonstrating that another employee is "similarly situated," a plaintiff must show that there is someone who is directly comparable to her in all material respects. Greer, 267 F.3d at 728; Radue v. Kimberly-Clark Corp., 219 F.3d 612, 618 (7th Cir. 2000); Spath v. Hayes Wheel's Int'l-Ind., Inc., 211 F.3d 392, 396 (7th Cir. 2000). "[A] court must look at all relevant factors, the number of which depends on the context of the case." Radue, 219 F.3d at 617. Such factors include whether the employees "dealt with the same supervisor" and were "subject to the same standards." Id. at 617-18. It is also relevant whether the employees had comparable "experience, education and qualifications," provided that the employer took these factors into account when making the personnel decision in question. Id. at 618.

It is clear that Meyer was not similarly situated to Patterson because they reported to different supervisors and had different levels of experience and job

responsibilities. The most significant fact distinguishing Patterson from Meyer is that, at the time of Patterson's termination, Patterson was subordinate to Meyer on the task force. When an employer is deciding whether to place a supervisor or a subordinate in a managerial position, the supervisor's additional experience makes it next to impossible for a court to conclude that a subordinate is similarly situated to him. Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc., 254 F.3d 644, 651 (7th Cir. 2001); Hoffman v. MCA, Inc., 144 F.3d 1117, 1124 (7th Cir. 1998). Moreover, Patterson and Meyer were evaluated by different supervisors, and Patterson also had different qualifications and experience with process engineering than Meyer. On these facts, we cannot compare the treatment of Patterson and Meyer, and we hold that Patterson failed to meet her burden of establishing that Meyer is a similarly-situated employee. See Radue, 219 F.3d at 618; Plair v. E.J. Brach & Sons, Inc., 105 F.3d 343, 350 n.3 (7th Cir. 1997); Timms v. Frank, 983 F.2d 281, 287 (7th Cir. 1992).

We also hold that Patterson failed to demonstrate that she was similarly situated to Hillegonds. The only facts of record regarding Hillegonds' position with the company show that he was the manufacturing logistics manager for Avery's automotive division./2 Because Hillegonds held an entirely different position in another division of the company than Patterson, their positions cannot be remotely equated. Accordingly, we hold that Patterson has not identified a similarly-situated male employee. Lacroix v. Sears, Roebuck & Co., 240 F.3d 688 (8th Cir. 2001).

Patterson nevertheless argues that she can satisfy the fourth prong of the McDonnell Douglas test by demonstrating that male employees took over her job responsibilities after her termination. Patterson cites Bellaver v. Quanex Corp., 200 F.3d 485 (7th Cir. 2000), in support of her contention. In Bellaver, we held that a gender discrimination plaintiff in a "single discharge case," as opposed to a "reduction in force" case, may satisfy the fourth prong of the McDonnell Douglas test by showing that her job responsibilities were "absorbed by other

employees not in the protected class." Id. at 495. Bellaver is inapplicable to Patterson's job assignment because during this time frame in her career, she was assigned to a temporary logistics task force. At the time of her termination, her assignment was completed and there were no job functions to be "absorbed" by the other Avery employees in that department. Because Patterson's position ceased to exist, the district court properly rejected Patterson's reliance on Bellaver, concluded that Patterson failed to establish a prima facie case of gender discrimination, and granted summary judgment to Avery.

B. Motion to Compel Deposition

Patterson's next argument is that the district court erred by refusing to compel the deposition of Thomas Miller. Patterson contends that Miller's e-mail message to Human Resources Director Derek Jones demonstrates that Miller possessed relevant information regarding the reasons for Patterson's termination, and that the trial court therefore abused its discretion by not permitting the deposition. We disagree.

District courts have broad discretion in matters relating to discovery. Packman v. Chicago Tribune Co., 267 F.3d 628, 646-47 (7th Cir. 2001); Rennie v. Dalton, 3 F.3d 1100, 1110 (7th Cir. 1993). Although there is a strong public policy in favor of disclosure of relevant materials, Rule 26(b)(2) of the Federal Rules of Civil Procedure empowers district courts to limit the scope of discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Before restricting discovery, the court should consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and taking into account society's interest in furthering "the truthseeking function" in the particular case before the court. Rowlin v. Alabama, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (placing limits on discovery in employment discrimination case); see generally Fed. R. Civ. P. 26 committee notes; 8 Wright, Miller & Marcus, Federal Practice and Procedure sec. 2008.1 (1994).

The district judge allowed Patterson to depose Human Resources Director Derek Jones, who had been designated as Avery's corporate spokesperson pursuant to Rule 30(b)(6). The district judge also permitted the depositions of two additional employees who supervised or worked directly with Patterson: Human Resources Manager Joyce Gardner and General Manager Charles Fridley. Although the trial court refused to compel the deposition of Miller, we note that Miller is a high-ranking executive in a multinational corporation, who worked more than 1,000 miles away from the facility where Patterson was employed. The requested deposition of Miller would have been a quite costly and burdensome means for determining whether he had information bearing on Patterson's termination. Indeed, we observe that Patterson failed to submit any interrogatories to Miller, although she had the right and the opportunity to do so, Fed. R. Civ. P. 33, and despite her claim that "Miller's [testimony] would enlighten anyone interested in the reasons for Patterson's firing." Patterson's failure to take advantage of this inexpensive, convenient method of discovery, i.e., interrogatories, casts serious doubt over her claim that Miller possessed information that was more than marginally relevant to her civil action. See Garner v. Kinnear Mfg. Co., 37 F.3d 263, 270 (7th Cir. 1994). Therefore, in light of the burdens that a deposition would have placed on the company, and Patterson's refusal to avail herself of other reasonably available means of discovery, and the relatively small amount in controversy in this case, we hold that Patterson failed to establish that she suffered prejudice as a result of the district judge's handling of the discovery process. See Garner, 37 F.3d at 270; Todd v. Merrell Dow Pharm., Inc., 942 F.2d 1173, 1178 (7th Cir. 1991); Fed. R. Civ. P. 26(b)(2).

The judgment of the district court is AFFIRMED.

FOOTNOTES

/1 In 1995, Patterson was diagnosed with hypothyroidism, a condition which allegedly caused her to experience fatigue, depression, and weight gain. Patterson alleged that the weight gain was a motivating factor in her termination.

/2 Patterson's sole reference to the record is to page fifty-three of the deposition of Human Resources Director Joyce Gardner. However, page fifty-three of Gardner's deposition is not contained in the record on appeal.