**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2006 [*]
Decided February 24, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 04-2900

| | |
|---|---|
| WILLIE MORRIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| | No. 03 C 4621 |
| BILL O'BOYLE and FIRST EQUITY MORTGAGE, | Wayne R. Andersen, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Willie Morris worked as a telemarketer at First Equity Mortgage for less than a week before Bill O'Boyle, president of First Equity, fired him. Morris, an African-American male, sued O'Boyle and First Equity (collectively, "defendants") under Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981, alleging race and sex discrimination. The district court granted summary judgment for defendants.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Because Morris cannot establish that defendants treated a similarly situated non-black or female employee more favorably than he, we affirm.

Morris failed to respond specifically to defendants' statement of material facts and did not support his facts with references to the evidentiary record as Local Rule 56.1 required him to do in opposition to summary judgment. The district court therefore adopted, as do we, the defendants' version of the facts. *See* N.D. Ill. L. R. 56.1(b); *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003). Nonetheless, we view these facts in a light most favorable to Morris. *See Adams*, 324 F.3d at 937. O'Boyle first hired Morris as a telemarketer in April 2002. On the day he was scheduled to start work, Morris called O'Boyle, explaining that he could not work that day because he was in a car accident. O'Boyle arranged a second start date for Morris. Again, Morris failed to show up for work. O'Boyle contacted Morris to inquire why he didn't show, and Morris told him he wouldn't be working at First Equity because he had another job.

Several months later, Morris sought work again at First Equity. O'Boyle warned Morris that if he violated First Equity's attendance policy—which required employees to contact the office manager a minimum of three hours before the start of a shift if they were going to be late or absent—he would be discharged. Morris started work at First Equity in the beginning of November. After working for three or four days, Morris called into work about thirty minutes before the start of his shift, explaining that he would be late. Later that day, with only several hours of his shift remaining, Morris called to say he couldn't make it to work. O'Boyle fired Morris for failing to show up to work and for violating the attendance policy.

In his brief to this court, Morris contends that he made out a claim for race and gender discrimination under both the direct and the indirect methods.[2] A claim for race or sex discrimination can survive summary judgment only if the plaintiff provides material evidence of discrimination under the direct or indirect methods of proof. *See Adams,* 324 F.3d at 938 (race); *Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 646 (7th Cir. 2005) (sex). The direct method essentially requires either an

---

[2] Morris also alleges—for the first time on appeal—that his termination amounted to age discrimination. Because Morris did not raise his age discrimination claim in his EEOC charge or in district court, we will not consider it here. *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527-28 (7th Cir. 2003) (failure to assert age discrimination claim in EEOC charge precludes claim on appeal); *King v. Ill. State Bd. Of Elections*, 410 F.3d 404, 424 (7th Cir. 2005) (issues not raised before the district court are waived on appeal). Even if he hadn't waived the claim, on appeal he fails to mention his own age or the ages of other employees who he believes were treated better, so it is not possible to evaluate it.

admission of prohibited animus or statements or conduct from the decisionmaker from which forbidden hostility may be inferred. *See Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 616 (7th Cir. 2000). Morris has presented no such admissible evidence. Instead, he has adduced the affidavit of former First Equity employee Mary Russell who asserts that O'Boyle is a racist. But because her affidavit makes this claim only in the form of an unsubstantiated conclusion, it is not sufficient to defeat summary judgment. *See Witte v. Wis. Dep't of Corrs.*, No. 04-3962, 2006 WL 156737 at *5 (7th Cir. Jan. 23, 2006); *Drake v. Minn. Mining & Mfg. Co.,* 134 F.3d 878, 887 (7th Cir. 1998).

Morris cannot make out a prima facie case for race or sex discrimination under the indirect method either because he cannot identify any non-black or female similarly situated employees. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)*; Little v. Ill. Dep't of Revenue*, 369 F.3d 1007, 1011 (7th Cir. 2004). It is the plaintiff's burden to present admissible evidence of a specific employee outside his protected class who was treated more favorably than he, *Adams,* 324 F.3d at 939, and that employee must be "directly comparable to [him] in all material respects," *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir. 2002); *see Radue,* 219 F.3d at 618.

In an attempt to meet this burden, Morris presents his own unsworn statement. Morris compares himself to Maria Heinrich, who he alleged was a white telemarketer who started employment at First Equity the same time as Morris, shared the same work schedule, and missed work twice for "personal" reasons but was not fired. We need not consider this statement because it does not comply with Rule 56(e) (affidavits must be sworn and based on personal knowledge). The undisputed evidence properly before the district court was that Heinrich did not miss any scheduled work. But even if we take Morris's statement at face value, he has not shown that he and Heinrich were materially similar, *see Ezell v. Potter*, 400 F.3d 1041, 1049-50 (7th Cir. 2005), because she did not violate the attendance policy like he did, and she did not miss work three times during her first six assigned days of work, as he did. Furthermore, there is no evidence that her absence for "personal reasons" violated the attendance policy. Morris's failure to meet the similarly situated prong of the prima facie case with admissible evidence is fatal to his claims. Moreover, Morris has not countered the inference (though not a presumption) that discrimination has not occurred when the same person (O'Boyle) both hired and fired Morris. *See Herrnreiter v. Chicago Hous. Auth.,* 315 F.3d 742, 747 (7th Cir. 2002).

The grant of summary judgment is therefore AFFIRMED in favor of O'Boyle and First Equity.