**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2006[*]
Decided November 15, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2933

| | |
|---|---|
| MURPHY L. JAMERSON,<br>　　*Plaintiff-Appellant*,<br><br>　　　　*v.*<br><br>MARK RYAN and MILWAUKEE<br>COUNTY PROCUREMENT<br>DIVISION,<br>　　*Defendants-Appellees*. | Appeal from the United States<br>District Court for the Eastern District of<br>Wisconsin<br><br>No. 04-C-0749<br><br>William E. Callahan, Jr.,<br>*Magistrate Judge*. |

**O R D E R**

Murphy Jamerson appeals the magistrate judge's grant of summary judgment for the defendants on his racial discrimination and due process claims, refusal to exercise supplemental jurisdiction over his breach-of-contract claim under state law, and denial of his motion for default judgment. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

In March 2003, Jamerson, doing business as 4 Star Printing ("4 Star"), was the sole bidder on printing work for Milwaukee County (the "County"). 4 Star entered a one-year price agreement with the County to print the Milwaukee County Board's *Journal of Proceedings* from May 1, 2003 through April 30, 2004. The price agreement did not guarantee 4 Star a specific amount of work or compensation.

Just after the price agreement was signed, Mark Ryan, the Milwaukee County Clerk, emailed the County's buyer who had solicited bids for printing the *Journal* and the County Purchasing Administrator, who oversaw the County buyers, asking them to "reject" the 4 Star price agreement and extend a prior agreement with Voice Printing (a company that had had price agreements with the County for those services for many years) for six months to allow the County to investigate electronic methods of producing the *Journal*. The County extended Voice Printing's agreement, though it was not standard procedure to extend a price agreement to a vendor when a price agreement was already in place with another vendor. During the term of the agreement, the County did not send 4 Star any work or purchase orders, but issued Voice Printing both a purchase order and a check for printing services.

Jamerson sued, alleging that defendants Ryan and Milwaukee County Procurement Division breached a contract without a prior hearing, depriving him of his right to procedural due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. He also alleged that the defendants interfered with his ability to make or enforce a contract based on his race in violation of 42 U.S.C. § 1981. After discovery, all parties moved for summary judgment.

The magistrate judge, sitting by consent of the parties, granted summary judgment for the defendants. The judge found no due process violation because Jamerson had an adequate post-deprivation remedy in Wisconsin state courts for any breach of contract. The judge also found that, because Jamerson had not shown he could not obtain employment in his field due to the defendants' conduct, he had not been deprived of a liberty interest in pursuing his occupation. The judge denied the § 1981 claim because Jamerson clarified in a deposition that he did not intend to base his claim on race, and in any event Jamerson had not presented sufficient evidence of Ryan's discriminatory intent. The judge also declined to exercise supplemental jurisdiction over Jamerson's breach-of-contract claim. Finally, the judge dismissed as moot Jamerson's motion for default judgment.

On appeal, Jamerson first appears to challenge the magistrate judge's determination that he was not deprived of due process. However, even if we assumed that Jamerson has alleged a deprivation of a protectible property interest—a breach of 4 Star's price agreement—Jamerson cannot show that he was deprived of due process. "[W]hen the issue is the meaning of a commercial contract,

a prior hearing is unnecessary, and the opportunity to litigate in state court is all the process 'due' to determine whether a state has kept its promise." *Mid-American Waste Sys., Inc. v. City of Gary*, 49 F.3d 286, 291 (7th Cir. 1995).

Jamerson next urges that the magistrate judge ignored key evidence and erred in finding that he had not shown he was deprived of his liberty interest in his occupation. Jamerson points to a newspaper article that paraphrases Ryan as saying he did not want to go through the "hassle" of training a new printer when the office was planning to switch eventually to electronic production. However, the magistrate judge was correct that this statement does not implicate Jamerson's liberty interest in his employment because it did not stigmatize Jamerson or 4 Star, and thus did not prevent Jamerson from finding employment in his field. *See Bordelon v. Chicago Sch. Reform Bd. of Tr.*, 233 F.3d 524, 531 (7th Cir. 2000).

Jamerson also claims that the magistrate judge ignored evidence of discriminatory intent—namely the newspaper article and the fact that the owner of Voice Printing and most of the county workers involved are white, while he is black. However, as the magistrate judge explained, Jamerson cannot make out a prima facie case of racial discrimination because he did not show that a similarly-situated non-black contractor was treated more favorably. *See Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 176 (7th Cir. 1996). Jamerson did not establish that Voice Printing was "directly comparable [to 4 Star] in all material respects," *Sartor v. Spherion Corp.*, 388 F.3d 275, 279 (7th Cir. 2004) (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002)), because unlike 4 Star, Voice Printing had long experience with printing the *Journal*.

Jamerson also argues that the magistrate judge should have exercised supplemental jurisdiction over his breach-of-contract claim because the Wisconsin statute of limitations on that claim had run. However, as the magistrate judge stated in his summary judgment order, 28 U.S.C. § 1367(d) allows a party thirty additional days within which to file state claims, regardless of whether the state's statute of limitations has passed. The magistrate judge did not err by dismissing Jamerson's breach-of-contract claim. 28 U.S.C. § 1367(c); *East-Miller v. Lake County Highway Dep't.*, 421 F.3d 558, 565 (7th Cir. 2005).

Jamerson's remaining challenges are frivolous and warrant no discussion.

AFFIRMED.