**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 27, 2009[*]
Decided August 28, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2150

|  |  |
|---|---|
| GLORIA DICKERSON, | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *Plaintiff-Appellant*, | |
| *v.* | No. 07-cv-44 |
| WALGREEN CO., | Sarah Evans Barker, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Gloria Dickerson, an African-American woman, sued Walgreen for firing her, claiming that the firing violated 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e *et seq.*, because it was racially discriminatory and unlawfully retaliatory. Walgreen explained that it had fired Dickerson, a store manager, for violating company policy when she authorized the use of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

coupons and cash that had been found in the store to cover shortages of money in cash drawers. The district court granted summary judgment for Walgreen, and Dickerson appeals.

Dickerson's *pro se* appellate brief is deficient in an unusual way: Dickerson has reused, *verbatim*, 19 pages from the 21-page brief her former counsel filed in opposition to summary judgment in the district court. Aside from being deficient, the brief ill serves Dickerson because it does not engage the district court's comprehensive opinion. Nevertheless, the brief is sufficient to give notice of the issues that Dickerson wishes to raise on appeal—that may be why Walgreen has not complained—and so we consider those issues.

The district court granted summary judgment on Dickerson's discrimination claim because the only Walgreen employee she accused of discrimination was a former supervisor who was not involved in the decision to terminate her. Of the nineteen examples of this supervisor's conduct that the district court considered, only one even comes close to suggesting discrimination: the supervisor apparently stated that he had pushed Dickerson harder than he had pushed other managers. To survive summary judgment under the direct method, Dickerson had to present evidence that "allows a jury to infer intentional discrimination by the decisionmaker." *Phelan v. Cook County*, 463 F.3d 773, 779-80 (7th Cir. 2006). Dickerson's evidence was insufficient because, at most, it showed discrimination only by someone who was not the decisionmaker.

The district court did not explicitly consider the indirect method of proving discrimination, but our consideration of it does not aid Dickerson. Under the indirect method, if Dickerson were to present a *prima facie* case of discrimination, the burden would shift to Walgreen to offer a nondiscriminatory reason for the discharge. Once it did so, the burden would shift back to Dickerson to submit evidence showing that the nondiscriminatory reason was a pretext for discrimination. See *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007). Even assuming that Dickerson put enough evidence in the record to support a *prima facie* case of discrimination, her evidence did not rebut Walgreen's nondiscriminatory explanation, because she did not dispute that, in violation of company policy, she authorized her subordinates to use money that a customer had found to cover a shortage in a cash drawer. This concession ends her discrimination case. See *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 697 (7th Cir. 2006) (where plaintiff was fired for violating company policy admitted the violation, she could not rebut employer's nondiscriminatory reason for the firing).

Next, we affirm the district court's ruling on Dickerson's retaliation claim under both the direct and indirect methods of proof. Under the direct method, Dickerson's evidence fails to show a causal connection between any protected conduct and her termination. The only potentially protected activities were Dickerson's complaints about the conduct by her former supervisor that she took to be discriminatory. But those complaints came more than one year

before Walgreen fired Dickerson. The district court correctly ruled that no jury could reasonably find that these year-old events supported a direct case of retaliation. See *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008).

The district court also found that Dickerson did not present enough evidence under the indirect method of proving retaliation. To establish a *prima facie* case under the indirect method, Dickerson had to present evidence showing, among other things, that a similarly situated employee who did not engage in protected activity received more favorable treatment. See *id.* at 850. The district court was correct that Dickerson supplied no evidence of such a person. First, the subordinates whom she identified were not similarly situated to her. See *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). Dickerson also pointed to a white store manager who was fired after threatening to kill her supervisor but who received some benefits after termination that Walgreen did not also give to Dickerson. That evidence might help Dickerson if her claim were about being denied benefits after termination, but Dickerson's claim was about the termination itself. In any event, the district court correctly found that Dickerson and this store manager were not similarly situated. In addition to threatening to kill her supervisor, the other store manager had threatened to kill herself, and so Walgreen wanted to help her receive mental health treatment. Dickerson, in contrast, has never claimed that she suffered from any mental illness. See *Cassimy v. Board of Educ. of Rockford Public Schools, Dist. No. 205*, 461 F.3d 932, 938 (7th Cir. 2006) (plaintiff and employee with more severe illness not similarly situated). Dickerson and this other manager were also not similarly situated because different decisionmakers were involved in their terminations. See *Ellis v. United Parcel Service, Inc.*, 523 F.3d 823, 826 (7th Cir. 2008). Accordingly, the district court correctly granted summary judgment on this claim as well.

AFFIRMED.