In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-3113

KIMBERLY A. MORELAND,

*Plaintiff-Appellant,*

*v.*

KIRSTJEN M. NIELSEN, Secretary,
Department of Homeland Security

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 12-CV-1125 — **Nancy Joseph**, *Magistrate Judge.*

ARGUED AUGUST 7, 2018 — DECIDED AUGUST 15, 2018

Before KANNE, SCUDDER, and ST. EVE, *Circuit Judges.*

PER CURIAM. Kimberly Moreland appeals the entry of summary judgment in her suit under Title VII against the Department of Homeland Security. The Department did not pay for her time and expenses when she testified at a hearing on an earlier discrimination charge, but it did reimburse two employees who testified for the Department. Moreland contends that the Department's decision not to pay her was retaliatory.

We affirm the district court's judgment because Moreland failed to provide evidence that she suffered an adverse action, and in any case she did not rebut the Department's legitimate reason for not reimbursing her.

**I**

Kimberly Moreland worked as a Disaster Assistance Employee for the Federal Emergency Management Agency. Because the agency uses these employees to respond to events declared disasters by the president, their work is intermittent. They are paid only for hours worked when they are "deployed." When they are not deployed, they are called "reservists" and are not paid.

Moreland, who lives in Texas, filed a charge and requested a hearing against the Department of Homeland Security (the agency's parent department) alleging that the agency discriminated against her in 2009. That charge concerned a previous deployment, and the specifics are not relevant to this appeal. The administrative law judge scheduled her hearing to be held in Wisconsin. Moreland, who was on reserve status, asked her agency to deploy her to Wisconsin so that she would receive pay for her time and reimbursement for her travel expenses to attend and testify against the Department. After consulting with the director of the agency's Office of Equal Rights, an agency attorney told Moreland that the agency had declined to deploy her to the hearing.

While on reserve status, Moreland attended and testified at her hearing, which was held in March 2011. The agency required that two of her supervisors testify at the hearing, so it deployed them and paid for their time and expenses. Mo-

reland later learned that the agency had deployed these supervisors. One of the witnesses, Sandra Ramsey, was on reserve status, and the agency deployed her solely to testify. The parties dispute whether the agency also deployed Lorelei Maach solely to testify. We adopt Moreland's version of the dispute and assume that both witnesses were placed in pay status for the hearing.

Moreland responded by raising the claim that she presents in this appeal. She contended that the agency's decision not to deploy her for the hearing was retaliation for her previous discrimination grievance. An earlier appeal to this court allowed this new claim to proceed. *Moreland v. Johnson*, 806 F.3d 961, 965 (7th Cir. 2015). On remand to the district court, the Department moved for summary judgment. It argued that Moreland could not prevail because she had not suffered an adverse action and the Department had proffered unrebutted and non-discriminatory reasons for its deployment decision. The district judge granted the motion, largely agreeing with the Department.

## II

Moreland first argues that the district court erred in ruling that she did not provide evidence of an adverse action. To establish a triable prima facie case of retaliation under Title VII, 42 U.S.C. § 2000e *et seq.*, Moreland must supply evidence that her employer took a materially adverse action against her. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). Moreland disagrees with this principle because, she says, the phrase "adverse action" does not appear in the text of Title VII; only "unlawful employment practice" does. But this court's longstanding interpretation of the statute is that in a suit alleging unlawful retaliation, an "unlawful employment

practice" means that the employer has taken an adverse action against the employee. *See* 42 U.S.C. § 2000e–3(a), *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016), *cert. denied,* 137 S. Ct. 1115 (2017). This interpretation is controlling, and Moreland provides no compelling reason to depart from that precedent. *Santos v. United States*, 461 F.3d 886, 891 (7th Cir. 2006). To survive summary judgment, Moreland had to furnish evidence that the agency took an adverse action against her.

Moreland concedes that she was on reserve status before she attended her hearing, and she remained in that status afterward. In that sense, the agency did nothing adverse to her. Moreland replies that she suffered an adverse action relative to two agency witnesses because the Department reimbursed them, but not her, for testimony-related travel. By comparing herself to her two supervisors, Moreland is invoking an element of the "indirect" method of proving retaliation that allows a court to infer retaliation if an employer treats similarly situated, non-complaining workers more favorably than the plaintiff. *See Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 472 (7th Cir. 2018). But that method still requires that Moreland show that her employer took an adverse action against her, and she has not. Moreland incurred financial costs to attend her hearing because the administrative law judge, not the agency, scheduled it in Wisconsin. A reasonable jury could not find that her employer inflicted those costs on her.

Yet even if we assume that Moreland suffered an adverse action, a jury could not infer retaliation because the agency did not treat Moreland worse than any *similar* employee. To be similarly situated, co-workers must be "directly comparable to the plaintiff in all material aspects, [though] they need

not be identical in every conceivable way." *Coleman v. Donahoe,* 667 F.3d 835, 846 (7th Cir. 2012) (internal quotation marks and citation omitted). Courts commonly ask whether the employees "dealt with the same supervisor." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). Moreland asserts that Maach and Ramsey were comparable to her because the same agency employed them. But that is not sufficient, for two reasons. First, Maach and Ramsey were Moreland's supervisors, so the same person necessarily did not manage them all. Second, different decisionmakers made the deployment decisions. The agency attorney defending the case decided to deploy Maach and Ramsey, whereas the head of the Office of Equal Rights decided not to deploy Moreland (though the decision was communicated to Moreland through the agency attorney). Because Maach and Ramsey thus were not "treated more favorably [than Moreland] by the same decisionmaker," they are not comparable. *Coleman,* 667 F.3d at 848 (citation omitted). As a result, Moreland did not supply evidence of a prima facie case of retaliation. *See Madlock,* 885 F.3d at 472.

Moreland's case has another fatal defect. The Department correctly observes that, even if Moreland had presented a prima facie case of retaliation, she cannot survive summary judgment if the agency provided an unrebutted and legitimate reason for its actions. *See id*. The agency argues that it legitimately deployed the other two witnesses (but not Moreland) because it was following a reasonable interpretation of its own uncontested regulations.

The agency relied on 29 C.F.R. § 1614.605 in declining to deploy Moreland. Section (b) of this provision states: "If the complainant is an employee of the agency, he or she shall

have a reasonable amount of official time, *if otherwise on duty*, to prepare the complaint and to respond to agency and EEOC requests for information" (emphasis added). The agency observes that Moreland was not "on duty" or "in a pay status" at the time of the hearing. By contrast, the agency argues that it deployed Maach before she was called to testify, so the regulations supported keeping her in pay status. As mentioned earlier, Moreland disputes that Maach was in pay status already, and in any case the agency concedes that it deployed Ramsey solely for the purpose of providing testimony. But another regulation allowed for that deployment. Under 29 C.F.R. § 1614.605(f), "[w]itnesses who are Federal employees, regardless of their tour of duty … shall be in a duty status when their presence is authorized or required by Commission or agency officials in connection with a complaint." The agency "required" Maach and Ramsey to testify, so it permissibly deployed them (and not Moreland) under these regulations.

Once the agency provided a legitimate reason for its actions, Moreland had to supply evidence of pretext. *See Madlock*, 885 F.3d at 472. Because she does not argue that the regulations are invalid, she had to furnish evidence that the agency's interpretation was not just wrong but dishonest. *See Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 505 (7th Cir. 2017); *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016). She believes that the agency could have interpreted its regulations to allow her deployment and did not in order to punish her for pursuing her claim. But no evidence suggests that the agency's interpretation was unreasonable, let alone a "phony" or insincere basis for its decisions. *Milliman v. Cty. of McHenry*, 893 F.3d 422, 433 (7th Cir. 2018). Moreland cites to

a Comptroller General opinion, but that decision is about paying expenses to a witness, not a *party*, to a discrimination matter, and the case decided which of two agencies should pay the expenses, not whether the witness was eligible for compensation at all. *John Booth*, 66 Comp. Gen. 310 (March 12, 1990). She also points to a directive stating that a federal agency must ensure "the appearance and travel arrangements to the hearing site of *approved* witnesses." U.S. EQUAL EMP. OPPORTUNITY COMM'N, EEO-MGMT. DIRECTIVE 110, CHAPTER 7 (Feb. 24, 2011) (emphasis added). But Moreland did not present any admissible evidence that she was approved or needed to be approved. *See id.* Thus no evidence suggests that the agency did not "honestly believe[] the reason it has offered"—its interpretation of its regulations. *Monroe*, 871 F.3d at 505.

### III

Because Moreland did not suffer an adverse action and she failed to rebut the Department's legitimate and nondiscriminatory reason for not deploying her, we AFFIRM the district court's judgment.